1
2
3
4
5
6
7

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11 | CLAY WILLIAM FISHER, on behalf of          Case No.   SACV05-0888 CJC
   | himself and those similarly situated,
12 |                                            **FINAL JUDGMENT AND**
   |                     Plaintiff,             **ORDER OF DISMISSAL WITH**
13 |                                            **PREJUDICE**
   |          v.
14
15 | FINANCE AMERICA, LLC,
16 |                     Defendant.
17
18
19
20
21
22
23
24
25
26
27
28

1  The Settlement Agreement dated December 11, 2006, and as amended
2  June 22, 2007 and November 27, 2007, (the "Settlement Agreement") between the
3  Plaintiff and Class Representative Clay William Fisher ("Class Representative")
4  and Defendant Finance America, LLC ("Finance America") provides for the
5  Settlement of this lawsuit on behalf of the Class Representative and the Class
6  Members, subject to the entry of this Final Judgment.
7  The Court, on January 28, 2008, conducted a hearing to consider the
8  approval of the Settlement Agreement and the terms reflected in it.  The Court
9  considered, among other things, whether the Settlement should be approved as
10  fair, reasonable and adequate, and whether Class Counsel's request for approval of
11  attorneys' fees and expenses is reasonable and should be approved by this Court.
12  By Order dated February 11, 2008, the Court granted the motion for final
13  settlement approval and awarded Class Counsel attorneys' fees and costs ("Final
14  Approval Order").
15  Finance America denies any wrongdoing, fault, violation of law, or liability
16  for damages of any sort.  Finance America objected, and continues to object, to the
17  certification of any class and has agreed to the certification of this class for
18  settlement purposes only.
19  **NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY**
20  **ORDERED, ADJUDGED AND DECREED THAT:**
21  1.  This Order incorporates by reference the definitions in the Settlement
22  Agreement, and all capitalized terms used in this Order will have the same
23  meanings as set forth in the Settlement Agreement, unless otherwise defined in
24  this Order.
25  2.  The Court finds that the Settlement Agreement is the product of good
26  faith, arms' length negotiations by the Parties, each of whom was represented by
27  experienced counsel.
28

[PROPOSED] FINAL JUDGMENT AND DISMISSAL
Case No. SACV05-0888 CJC
sf-2468286

1

3.     The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a settlement class in the Action as follows:

> All United States residents who between March 2, 2003 and December 18, 2006, were mailed a solicitation for a loan to be made by defendant and whose names and addresses for such mailings were obtained from a "consumer reporting agency" (as that term is defined in the Fair Credit Reporting Act) without such person's prior authorization, and in connection with a credit transaction not initiated by such person, excluding, however, (a) officers and employees of defendant or its affiliates and (b) the Court, and members of the Court's immediate family.

4.     For the reasons set forth in the Final Approval Order, this Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Class Members, and the Parties to the Agreement are directed to consummate and perform its terms.

5.     The Court acknowledges the Parties' agreement, as set forth at section 5.3 of the Settlement Agreement, that the Settlement Loan Program does not violate the Fair Credit Reporting Act ("FCRA") or any other state or federal statute, regulation, or common law.  Finance America will use information obtained in connection with underwriting Settlement Loans exclusively for such underwriting, and will not distribute, use or seek to use such information for any other purpose.

6.     All objections to the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and expenses have been considered and are hereby found to be without merit and are overruled.

7.     This entire Action is dismissed with prejudice, and without costs to any party, except as set forth in the Final Approval Order.

8.     The term "Released Parties," as used herein, means Finance America and its parents, subsidiaries, affiliates, vendors, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, vendors,

agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, vendors, agents, employees, representatives, consultants, accountants, and attorneys.

9.     The Class Representative, each Class Member whose name does not appear on Exhibit A hereto (a list of the Class Members who opted out of the Settlement), and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, agents and assigns, and all those who claim through them or who assert claims on their behalf are deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including, without limitation, those based on the FCRA, or any other federal, state, or local law, statute, regulation, or common law, including all claims for monetary, equitable, declaratory, injunctive, or any other form of relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Class Representative or any Class Member ever had, now has or may have in the future resulting from, arising out of or in any way, directly or indirectly, connected with (a) any act, omission, event, incident, matter, dispute, or injury that may have occurred or arisen prior to the date of this Agreement in connection with any mortgage solicitation involving Finance America; (b) any acts or omissions that were raised or could have been raised in the Action, (c) any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in (a) or (b) above; and (d) any act or omission authorized or required by this Agreement, including the provisions of Section 5 of the Settlement Agreement; provided, however, that for those Class Members who, at any time since March 2, 2003, obtained a loan from Finance America, this release shall not extend to any claim arising from the origination or servicing of such loan.

[PROPOSED] FINAL JUDGMENT AND DISMISSAL
Case No. SACV05-0888 CJC
sf-2468286

3

10.     From and after the Effective Date, the Court bars and permanently enjoins all Settlement Class Members from instituting or prosecuting any action or proceeding against any of the Released Parties arising out of or relating in any way to the matters released in paragraph 9 hereof.

11.     The Class Representatives and Class Counsel's request for approval of attorneys' fees in the amount of $501,805.00 and of costs in the amount of $50,426.50 is approved.  Class Counsel shall recover additional attorney fees and costs from Finance America as set forth in the Final Approval Order.

~~12.     Any person or entity wishing to appeal this Final Judgment shall post a bond with this Court in the amount of $_____ as a condition to prosecuting the appeal.~~ CJC

13.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

14.     Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

15.     The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice be, and hereby is, entered as a final judgment.

IT IS SO ORDERED.

Dated: _February 27, 2008_____

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE